IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 09-20057-JWL |
| HERMAN RANSOM | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Herman Ransom was indicted in May 2009 for wire fraud, in violation of 18 U.S.C. § 1343, and for theft of public money, in violation of 18 U.S.C. § 641. In July 2009, Mr. Ransom filed a motion to dismiss the indictment for failure to state an offense as to all alleged counts (doc. #7). After careful consideration of the issues Mr. Ransom raised, the Court denied Mr. Ransom's motion. In response, Mr. Ransom filed a motion for reconsideration (doc. #24), which is presently before the Court. For the reasons set forth below, the Court denies Mr. Ransom's motion for reconsideration.

I. Standard

There is no provision for a motion to reconsider in the Federal Rules of Criminal Procedure, and therefore federal courts recognize motions to reconsider pursuant to the common law doctrine recognized in *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11

1

L.Ed.2d 527 (1964). *United States v. Anderson*, 36 F.Supp.2d 1264, 1265 (D. Kan. 1998) (citing *United States v. Corey*, 999 F.2d 493, 495 (10th Cir. 1993)). A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *United States v. Harris*, 2009 WL 3244720, at * 2 (D. Kan. Oct. 6, 2009) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). *See also United States v. Renteria*, 2006 WL 3544877, at * 1 (D. Kan. Dec. 8, 2006). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id*. Mr. Ransom does not specify the basis upon which he files his motion for reconsideration, but it clearly is not predicated upon an intervening change in controlling law[1] or the availability of new evidence. Moreover, Mr. Ransom does not assert that this Court misunderstood the applicable facts. Thus, the Court could grant Mr. Ransom's motion only if it needed to correct clear error or prevent manifest injustice or if it misapprehended Mr. Ransom's positions or the controlling law.

---

[1] Although Mr. Ransom argues for reconsideration on the grounds that the Supreme Court has recently granted certiorari in three cases that Mr. Ransom believes will prove relevant to the disposition of his motion, the Court does not view this as a claim that there has been a "change in the law" since the Court denied his motion to dismiss the indictment. Rather, Mr. Ransom seeks to preserve a vagueness objection to the Court's denial of his motion to dismiss on the basis of the due process principles at issue in these cases. The Court notes that Mr. Ransom has properly objected on these grounds.

III.  Discussion

Mr. Ransom's motion to dismiss the indictment set forth two broad arguments for dismissal.  First, Mr. Ransom asserted that his status as a salaried federal employee, exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), precluded the government from convicting him under either of the relevant statutes for allegedly falsifying time and attendance records.  Second, Mr. Ransom argued that the statutes and regulations upon which the government relied to establish the criminality of his conduct did not provide Mr. Ransom with fair warning that his actions could subject him to criminal liability.  Mr. Ransom therefore argued that the government's reliance upon such a combination of sources would violate due process.  In his motion for reconsideration, Mr. Ransom primarily restricted his arguments to the Court's determination on the latter due process issue.

In his motion for reconsideration, Mr. Ransom clarifies that he seeks to challenge the statutes under which he is charged on an as-applied basis, and that this vagueness concern is a distinct argument from the separate issue to be raised at trial concerning whether he had the necessary specific intent to violate the law.  The Court exhaustively addressed Mr. Ransom's due process challenge and concluded that neither of the statutes under which he was charged could be deemed unconstitutionally vague as applied to a federal employee in Mr. Ransom's position who knowingly submits falsified time and

attendance records.² Moreover, the Court did not conflate the distinct inquiries of vagueness and Mr. Ransom's specific intent to commit the particular offenses. Rather, the Court merely explained that § 1343's specific intent requirement bolstered the Court's conclusion that the statute could not be deemed unconstitutionally vague, as "[t]he Supreme Court has recognized that a scienter requirement may mitigate a law's vagueness." *Ward v. Utah*, 398 F.3d 1239, 1252 (10th Cir. 2005) (quoting *Murphy v. Matheson*, 742 F.2d 564, 573 (10th Cir. 1984)). Therefore, the Court concludes that reconsideration is not warranted on either of these bases. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See also Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1360-61 (D. Kan. 2004) (explaining that a motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed").

Second, Mr. Ransom argues that the Court erred in its decision by inappropriately adopting a "pioneering interpretation of [the] FLSA" in the context of a criminal proceeding. In analyzing whether Mr. Ransom might be deemed criminally liable for theft of government property under § 641 based upon his alleged submission of falsified time records, the Court looked to regulations issued by the Department of Labor ("DOL") and the Office of Personnel Management ("OPM") pursuant to the authority granted

---

² For example, the Court explained that "a person of ordinary intelligence would have understood that a plan to retain one's job and salary by falsifying time records to deceive one's employer as to the number of hours actually worked constitutes a scheme to defraud or obtain money or property by false representations," despite the fact that the wire fraud statute does not enumerate each type of fraudulent scheme that might subject an individual to criminal liability (doc. #16 at 21).

4

these agencies to implement the FLSA. The Court concluded that various federal statutes, regulations and administrative policies demonstrate that a federal employee in Mr. Ransom's position must either work a full workweek or account for time absent from work with leave. Thus, the salary of such an employee might properly be considered "government property" under § 641, and a jury could conclude that an employee intentionally submitting false time reports "stole" from the United States a "thing of value" within the meaning of that statute. In making this determination, the Court relied upon the unambiguous language and clear import of the relevant statutes and regulations. Therefore, the Court did not adopt a "pioneering interpretation" of the FLSA in finding that certain FLSA-exempt, salaried federal employees are not entitled to a full salary in the event they do not properly account for time absent from work through leave.

Third, Mr. Ransom argues that reconsideration is warranted because the Supreme Court has granted certiorari in three cases addressing 18 U.S.C. § 1346, legal commentators suggest that the Court will strike down or significantly curtail the application of § 1346 on vagueness grounds, and the statutes under which Mr. Ransom has been charged raise the same vagueness concerns that have given rise to this development. However, whether the Supreme Court will restrict § 1346's application remains a matter of pure conjecture. This Court is bound to apply the law as it presently exists. *See Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (noting that a court is generally "to apply the law in effect at the time it renders its decision"). *See also United States v. Kidwell*, 996 F.2d 312, 1993 WL 191828, at *3, n. 1 (10th Cir. June 2, 1993) (unpublished opinion) (rejecting an argument

5

based upon a potential repeal of mandatory minimum sentences).  After carefully considering Mr. Ransom's due process concerns, the Court based its denial of the vagueness claim upon a faithful application of Tenth Circuit precedent.  The Court has satisfied itself that it did not misconstrue Mr. Ransom's position or the applicable law.  Thus finding no proper basis for reconsideration of its order, the Court denies Mr. Ransom's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ransom's motion for reconsideration (doc. #24) is **denied**.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge